IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES E. ANDERSON SR.,

    Plaintiff,

v.

LOUDEN, LLC, and DOES 1–100, inclusive,

    Defendants.

No. C 13-04159 WHA

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

## INTRODUCTION

In this debt collection and credit reporting action, defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is **GRANTED**.

## STATEMENT

Pro se plaintiff, James E. Anderson, rented a residential home from defendants, Louden, LLC, and Doe employees 1–100. Some time later, plaintiff petitioned for bankruptcy before the United States Bankruptcy Court Northern Division of California (Compl. 3). Upon learning of plaintiff's petition, Louden petitioned for, and was granted, an order for relief from an automatic stay by the bankruptcy court (Dkt. No. 17-1 Exh. 5).

According to this complaint, the bankruptcy court granted Louden's petition with the provision that Louden not seek pre-petition claims from plaintiff. Louden allegedly willfully ignored this provision of the order and proceeded to serve plaintiff with a three-day notice to pay

rent or quit (Compl. 3).  A few days later, Louden filed an unlawful detainer action against plaintiff.  Plaintiff brought a state court action objecting to Louden's actions, arguing that they violated the bankruptcy court's order.  The California superior court agreed and found that plaintiff's filing of the petition in the bankruptcy court suspended his obligation to pay pre-petition rent.  The superior court also found, however, that the later dismissal of plaintiff's petition revived plaintiff's obligation to pay the pre-petition rent, and that Louden was free to re-serve the three-day notice to pay rent or quit (Dkt. No. 17-2 Exh. 7).

On September 9, 2013, plaintiff filed this complaint against Louden and its Doe employees, alleging violations of:  (1) the Fair Debt Collection Practices Act ("FDCPA"); (2) the Fair Credit Reporting Act ("FCRA"); and (3) Intentional Infliction of Emotion Distress ("IIED").  On October 30, defendants moved to dismiss the complaint pursuant to FRCP 12(b)(6), failure to state a claim upon which relief can be granted.  Plaintiff's response was due November 13; none was filed.  On November 22, plaintiff was ordered to show cause why the motion to dismiss should not be granted.  Plaintiff was warned that a failure to timely respond to the order may result in defendants' motion being granted.  Again, plaintiff failed to respond.  A hearing was then held.  Plaintiff did not appear at the hearing.

**ANALYSIS**

A complaint may be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).  The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Pro se pleadings must be interpreted liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  "Dismissal with prejudice and without leave to amend is not appropriate

unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 1. THE FAIR DEBT COLLECTION PRACTICES ACT.

Under the FDCPA, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); 15 U.S.C. 1692. To establish a violation of the FDCPA, Plaintiff must show: (1) he was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir. 2004).

Plaintiff's first claim for relief fails to allege what act or omission defendants performed contrary to the FDCPA. The complaint alleges that plaintiff was a consumer within the meaning of the FDCPA and that he was the object of a collection activity arising from a consumer debt. The complaint also states that Louden violated the FDCPA through "false representation of the character, amount, or legal status of any debt" and by "communicating information which is known to be false" (Compl. 4). Plaintiff is obligated, however, to provide more "than mere labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff fails to explain what false representations Louden made or what information was falsely communicated. "Formulaic recitation of the elements of a cause of action," will not do. *Id.* at 555. If plaintiff has knowledge as to what misrepresentations Louden made as to the "character, amount or legal status of any debt," he must state so in the complaint. Accordingly, plaintiff's first claim for relief must be **DISMISSED**.

### 2. THE FAIR CREDIT REPORTING ACT.

Congress enacted the Fair Credit Reporting Act ("FCRA") in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009); 15 U.S.C. 1681. In addition to imposing duties on credit reporting agencies, "the FCRA imposes

3

United States District Court
For the Northern District of California

1 some duties on the sources that provide credit information to reporting agencies, called
2 'furnishers' in the statute." *Ibid*.

3     The complaint alleges that Louden violated the FCRA in two ways: *First*, plaintiff alleges
4 that Louden failed to provide accurate credit reporting, in violation of Section 1681s-2(a);
5 *Second*, Louden was provided notice that plaintiff disputed his debt and Louden violated the
6 FCRA by failing to "adequately conduct an investigation with respect to the disputed
7 information," and did not report the dispute to the credit reporting agencies, as required by
8 Section 1681s-2(b)(1) (Compl. 5). The claims will be discussed in turn.

9     **A.    Section 1681s-2(a).**

10     Section 1681s-2(a) requires furnishers "to provide accurate information."
11 15 U.S.C. 1681s-2(a). Specifically, subsection (a) prohibits furnishers from reporting information
12 with actual knowledge of errors, requires furnishers to correct and update information, and
13 requires furnishers to provide notice of disputes and closed accounts, among other requirements.
14 15 U.S.C. 1681s-2(a)(1)–(3). The information is "inaccurate or incomplete" within the meaning
15 of the statute if it is "patently incorrect, or because it is misleading in such a way and to such an
16 extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163.
17 Duties imposed on furnishers under subsection (a) are enforceable *only* by federal or state
18 agencies. *Id.* at 1154.

19     Plaintiff's claim under Section 1681s-2(a) is barred, as there is no private cause of action
20 for such violations. As discussed above, duties imposed on furnishers under this subsection are
21 enforceable only by federal or state agencies. *Ibid.*; *see also* 15 U.S.C. 1681s-2(d) (limiting
22 enforcement to federal and state agencies). Thus, to the extent that plaintiff bases his FCRA
23 claim upon violations of Section 1681s-2(a), the claim is **DISMISSED WITH PREJUDICE**.

24     **B.    Section 1681s-2(b).**

25     Section 1681s-2(b) establishes the duties of furnishers after receiving notice of a dispute.
26 15 U.S.C. 1681s-2(b). Upon receiving notice of a dispute from a credit report agency, the
27 furnisher shall: (1) conduct an investigation of the disputed information; (2) review all relevant
28 information provided by the agency; (3) report the results of the investigation to the agency; (4) if

4

1  the results of the investigation reveal that the information is incomplete or inaccurate, report those
2  results to all other credit reporting agencies to which the person furnished information; and (5) if
3  an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot
4  be verified after reinvestigation, for purposes of reporting to a consumer reporting agency only, as
5  appropriate, modify, delete, or permanently block reporting of that item of information.  15
6  U.S.C. 1681s-2(b)(1).

7      The FCRA confers a private right of action upon consumers and allows them to sue a
8  furnisher of credit information if such furnisher willfully or negligently fails to comply with any
9  of the duties enumerated in Section 1681s-2(b).  *See Gorman*, 584 F.3d at 1154; 15 U.S.C. 1681n,
10 1681o.  A furnisher's duties "arise only after the furnisher receives notice of dispute from a
11 [credit reporting agency]."  *Gorman*, 584 F.3d at 1154.

12     When a violation of Section 1681s-2(b) occurs, a plaintiff may base his allegations on
13 negligent noncompliance and/or willful noncompliance.  Under Section 1681o, a person who
14 negligently violates the FCRA is liable in an amount equal to the sum of "any actual damages
15 sustained by the consumer as a result of that violation" plus costs and attorney's fees.  Under
16 Section 1681n, where a defendant "willfully" violates the FCRA, a plaintiff may seek either
17 actual damages or "damages of not less than $100 and not more than $1,000," as well as punitive
18 damages and reasonable attorney's fees.  15 U.S.C. 1681n(a)(1)(A).

19     Plaintiff's second claim for relief must also be dismissed for failure to meet the pleading
20 standard.  Nowhere in the complaint does plaintiff allege that he first reported an inaccuracy to a
21 credit reporting agency, as required by Section 1681s-2(b)(1).  Nor does the complaint allege that
22 a credit reporting agency contacted Louden to report the dispute.  Other than the recitation of the
23 claim for relief, there is no allegation that Louden even had contact with a credit reporting
24 agency.  The complaint also fails to allege what improper information was communicated in this
25 instance.  Instead, plaintiff solely makes the conclusory allegation that "Louden, regularly in the
26 course of business, furnishes information to one or more consumer reporting agencies about their
27 transactions or experiences with any consumer" and that "Louden failed to conduct an
28 investigation with respect to the disputed information" (Compl. 5).  For plaintiff to state a claim

5

1  under the FCRA, he must specifically allege that he or a credit reporting agency reported the
2  inaccuracy to defendants and specify what dispute existed as to the accuracy or incompleteness of
3  the information furnished.  Because the complaint is lacking of these facts, plaintiff's FCRA
4  claim must be **DISMISSED**.

### 3. INTENTIONAL INFLICTION OF EMOTION DISTRESS.

Under California law, the elements of an IIED claim are:  (1) extreme and outrageous conduct by the defendants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendants' outrageous conduct.  *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (1979).  To be considered "outrageous," conduct must be so extreme as to exceed all bounds of conduct usually tolerated in a civilized community.  *Ibid*.

Plaintiff alleges that defendants' conduct renders them liable for IIED.  Specifically, plaintiff alleges that defendants engaged in extreme and outrageous conduct intended to "harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed" (Compl. 6).

Defendants argue that plaintiff fails to state an IIED claim because he fails to allege any conduct that could be considered outrageous.  This order disagrees.  Defendants' alleged conduct could potentially rise to the level of IIED, however, plaintiff's allegations are too conclusory to constitute a sufficient claim for relief.  Plaintiff provides too few factual allegations as to how he was harassed and fails to plead with specificity the suffering or extreme emotional distress he was caused as a result of defendants' allegedly outrageous conduct.  Accordingly, plaintiff's IIED claim is **DISMISSED**.

### 4. JUDICIAL NOTICE.

Defendants have filed a request for judicial notice under FRCP 201.  Defendants request that judicial notice be taken of various court filings, including:  (1) the unlawful detainer complaint; (2) the motion to dismiss the bankruptcy petition; (3) defendants' motion to dismiss plaintiff's petition; (4)  defendants' motion for relief from the automatic stay; (5) the order

6

granting the motion for relief from the automatic stay; (6) the order granting the motion to dismiss the bankruptcy petition; (7) the California superior court order sustaining the demurrer in part, with leave to amend.

A court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). A court may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, defendants' request for judicial notice is **GRANTED**.

## CONCLUSION

As discussed above, defendants' motion to dismiss the Fair Debt Collection Practices Act claim, the Fair Credit Reporting Act claim, and the Intentional Infliction of Emotional Distress claim are **GRANTED**. Plaintiff may seek to amend the complaint and will have until **DECEMBER 26 AT NOON** to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiff must append to his motion a proposed amended complaint. The motion should clearly explain how the amendments to the complaint cure the defects identified herein.

**IT IS SO ORDERED.**

Dated: December 6.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE